This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38235**

**JANSEN DOWNS,**

      Plaintiff-Appellant,

v.

**PROGRESSIVE NORTHERN
INSURANCE COMPANY,**

      Defendant-Appellee,

and

**ELEANOR GOODEN,**

      Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Joshua A. Allison, District Judge**

Mescall Law Firm, P.C.
Thomas J. Mescall, II
Phillip Patrick Baca
Albuquerque, NM

for Appellant

Allen Law Firm, LLC
Meena H. Allen
Kerri L. Allensworth
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Plaintiff appeals from the district court's memorandum opinion and order denying her motion for declaratory judgment and granting Defendant Progressive Northern Insurance Company's motion for summary judgment. In this Court's notice of proposed disposition, we proposed to summarily affirm. Plaintiff filed a memorandum in opposition, which included a request to reconsider our denial of Plaintiff's motion to certify this case to the New Mexico Supreme Court. Having duly considered Plaintiff's arguments, we remain unpersuaded and affirm.

**{2}** In her memorandum in opposition, Plaintiff maintains that the district court erred in concluding she was not entitled to recover a separate "each person" limit for her claim of loss of consortium despite language contained in the applicable insurance policy that expressly includes loss of consortium claims within the "each person" limit already paid to her late-fiancé's estate. [MIO 2] Plaintiff specifically argues that our reliance on *Gonzales v. Allstate Insurance Co.*, 1996-NMSC-041, ¶ 2, 122 N.M. 137, 921 P.2d 944, is misplaced because: (1) the Legislature subsequently enacted the Mandatory Financial Responsibility Act (MFRA), NMSA 1978, §§ 66-5-201 to -239 (1978, as amended 2019), and *Gonzales* interpreted the MFRA's precursor; and (2) the rationale underlying the decision in *Gonzales* has been undercut by more recent opinions of the New Mexico Supreme Court. [MIO 3-4] However, *Gonzales* remains a valid Supreme Court opinion that squarely addresses the ultimate issue raised by Plaintiff and is entitled to deference from this Court as explained in our notice of proposed disposition. [CN 6] Because *Gonzales* seems to address this exact issue and there is not a clear statement in the MFRA that would seem to abrogate or contradict the Supreme Court's holding in *Gonzales*, this Court must defer and leave it to our Supreme Court to evaluate *Gonzales*'s continuing applicability in light of changes to the MFRA. As such, Plaintiff has failed to provide any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, we refer Plaintiff to our analysis therein.

**{3}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's memorandum opinion and order. Furthermore, we deny Plaintiff's request to reconsider the denial of her motion to certify this case to the New Mexico Supreme Court. To the extent the parties wish for the New Mexico Supreme Court to consider the issues raised, they may file a petition for writ of certiorari from our decision.

**{4}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**